# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELIX D. WHITTINGTON,**<br>    Plaintiff,<br><br>    v.<br><br>**DONALD VAUGHN, et al.,**<br>    Defendants. | CIVIL ACTION<br><br>NO. 02-4346 |

**O R D E R**

      **AND NOW**, this 10th day of April, 2003, since it appears that the plaintiff is unable to prepay the costs of commencing this suit pursuant to 28 U.S.C. § 1915(a), it is **ORDERED** that:

    1.    Leave to proceed **in forma pauperis** is **GRANTED.**

    2.    Plaintiff shall pay in installments the full filing fee of $150.

    3.    The District Court of the Middle District of Pennsylvania has over $28.00 from the plaintiff's prison account.[1]  The Superintendent or other appropriate official at S.C.I. Greene or at any prison at which plaintiff is or may be incarcerated shall, until the full filing fee is paid, deduct from plaintiff's account, each time that plaintiff's inmate trust fund account exceeds $10.00, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount, to be credited to Civil Action No. 02-4346, to "Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106."

---

    [1] Although the District Court for the Middle District transferred this case on June 25, 2002 to the Eastern District of Pennsylvania, the Middle District continued to receive money from the plaintiff's prison account.  While the plaintiff must pay the full filing fee, he is to receive credit for the money deducted from his account that has already been sent to the Middle District of Pennsylvania.

4. The Clerk is directed to forward a copy of this order to the Superintendent of S.C.I. Greene.

5. The complaint is to be filed, the summons is to issue, service of summons and complaint is to be made upon the defendant by the U.S. Marshals Service in the event that waiver of service is not effected under Fed.R.Civ.P. 4(d)(2). To effect waiver of service the Clerk of Court is specially appointed to serve a written waiver request on each defendant. The Clerk of Court shall also send a copy of the complaint to the attorney representing the correctional institution where the claim is alleged to have arisen. The waiver of service request shall be accompanied by a copy of the complaint and shall inform the defendant of the consequences of compliance and of a failure to comply with the request. The request shall allow the defendant at least thirty (30) days from the date it is sent (sixty (60) days if addressed outside the district) to return the signed waiver. If a signed waiver is not returned within the time limit given, the Clerk of Court's office shall transmit the summons and a copy of the complaint to the U.S. Marshals Service for immediate service under Fed.R.Civ.P. 4(c)(1).

6. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of this Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting _pro se_). Service may be by mail. Proof that service has been made is provided by a certificate of service. This certificate should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. Mail, properly addressed, this (date) day of (month), (year).

If any pleading or other paper submitted for filing does not include a certificate of service upon the opposing party or counsel for the opposing party, it may be disregarded by the Court.

       7.     Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions and all papers relating to motions, including proof of service upon opposing parties, with the Clerk of Court. All other requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court are to be followed.

       8.     No direct communication is to take place with the District Judge or United States Magistrate with regard to this case. All relevant information and papers are to be directed to the Clerk.

       9.     In the event the summons is returned unexecuted, it is the plaintiff's responsibility to ask the Clerk of the Court to issue an alias summons and to provide the Clerk with the defendant's correct address, so service can be made.

      10.    The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

                             **BY THE COURT:**

                                 **MARVIN KATZ, S.J.**